Day, J.
 

 The questions presented for our determination are: (1) Whether the Court of Common Pleas of Jefferson county has jurisdiction over the actions filed against the Director of the State Highway Department when the causes of action arose, either in whole or in part, in that county; and (2) Whether prohibition lies. Courts of Common Pleas in the state of Ohio derive their jurisdiction from the Legislature. Article IY, Section 4, of the Ohio Constitution, provides that: ‘ ‘ The jurisdiction of the courts of common pleas, and of the Judges thereof, shall be fixed by law.”
 

 Section 11271, General Code, provides that: “Actions for the following causes must be brought in the county where the cause of action or part thereof arose. * * * ‘ ‘ 2. Against a public officer, for an act done by him in virtue or under color of his office, or for neglect of his official duty; * * *.”
 

 Section 1187, General Code, which went into effect in 1928, provides that:
 
 ‘ ‘
 
 The director shall not be suable, either as a sole defendant or jointly with other defend
 
 *96
 
 ants, in any court outside of Franklin county in any action not otherwise specifically provided for in this act, and except in actions brought by a railroad company under the provisions of section 8898 of the General Code, and except by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property attempted to be taken is situated.”
 

 Sections 11271 and 1187, General Code, refer to the same subject and must be read together in order to ascertain the legislative intent in the enactment of the later statute.
 

 “ ‘For ,the purpose of learning the intention, all statutes relating to the same subject are to be compared, and so far as still in force brought into harmony, if possible by interpretation. ’ ” Sutherland on Statutory Construction, Section 288, quoted with approval in
 
 Columbus St. Ry. Co.
 
 v.
 
 Pace,
 
 68 Ohio St., 200, at 205, 67 N. E., 490.
 

 “A code of statutes relating to one subject, is presumed to be governed by one spirit and policy, and intended to be consistent and harmonious, and all of the several sections are to be considered in order to arrive at the meaning of any part, unless a contrary intent is clearly manifest.”
 
 City of Cincinnati
 
 v.
 
 Guckenberger,
 
 60 Ohio St., 353, 54 N. E., 376, paragraph 1 of the syllabus.
 

 Reading these sections together, we fail to find any conflict between them. They are not repugnant to one another. Section 11271, General Code, gives claimants a right to institute suit against officers and others in any county where the cause of action may have arisen. This is in the nature of a general statute. Section 1187, General Code, confers exclusive jurisdiction upon the courts of Franldin county over all actions against the Director of the State Highway Department, whether sued as a sole defendant or jointly with
 
 *97
 
 others; and this is so, regardless of the place where the canse of action may have arisen. Section 11271 lays down the general rnle, and Section 1187 specifies the exception to the general rnle. This must be presumed to have been' the legislative intent in enacting the later statute with full knowledge of the existence of the prior statute.
 

 It is our opinion that the Legislature intended to exempt the Director of the State Highway Department from the operation of Section 11271, and to engraft thereon the provisions of Section 1187 as an exception thereto.
 

 The later enactment neither expressly nor by implication repeals, supersedes or supplants the earlier enactment, the clear purpose being to authorize a departure from the general rule laid down in the earlier enactment, so far as it affects the Director of the State Highway Department.
 

 Where a later specific statute is enacted on the same subject covered by an existing general statute, without express or implied intention to' repeal the existing statute, süch specific statute must be held to have been intended by the Legislature to be engrafted upon the general statute as an exception thereto.
 

 Section 1187, General Code, constitutes an exception to Section 11271, General Code, by virtue of which exception the courts of Franklin county have exclusive jurisdiction over all actions against the Director or of the State Highway Department, even though the cause of action against him may have arisen outside of Franklin county.
 

 “The provisions of section 1208 can, and should, be read as an exception to the general provisions of section 11. This is in accordance with the established rule of construction, where the general provisions of a statute are varied by the special provisions of the same or another statute relative to the subject. The courts presume an intention in the legislature to be
 
 *98
 
 consistent in the making of laws; and also to have had a purpose in each enactment and all its provisions. Special circumstances often create a necessity for appropriate special provisions, differing from the general rule upon the same subject; and so, where such provisions are found in a statute, different from the general provisions that would apply to the case, the courts must assume that the special provisions were made for adequate reasons, and give them effect by construing them as exceptions to the general rule contained in the general provisions of the statute. In this way, without disregarding any of its provisions, effect is given to each and all the provisions of a statute.”
 
 State, ex rel. Crawford,
 
 v.
 
 McGregor,
 
 44 Ohio St., 628, at 631, 10 N. E., 66.
 

 By virtue of Section 1187, General Code, all actions against the Director of the State Highway Department must be brought in the courts of Franklin county, wherein is lodged exclusive jurisdiction over causes against him, and courts of any other county are wholly without jurisdiction to hear matters in which the director is sole defendant or defendant jointly with others. Any court assuming jurisdiction over such causes contrary to Section 1187, General Code, does so without authority, and any judgment or decree which it may enter therein will be void and of no effect whatsoever.
 

 * * want of jurisdiction of the cause, equally as much as want of jurisdiction of the person, may render a judgment or decree void; * * *.”
 
 Buchanan
 
 v.
 
 Rog’s Lessee,
 
 2 Ohio St., 251, at 266; 11 Ohio Jurisprudence, 662, Section 19.
 

 If courts “transcend the limits which the law prescribes, and assume to act where they have no jurisdiction, their acts are utterly void.”
 
 Adam’s Lessee
 
 v.
 
 Jeffries,
 
 12 Ohio, 253, at 271, 40 Am. Dec., 477.
 

 The question of jurisdiction Over the actions now pending in the Court of Common Pleas of Jefferson
 
 *99
 
 county is governed by Section 1187, General Code, and not by Section 11271, General Code, notwithstanding the fact that the causes of action may have arisen in the county of Jefferson. The' power to hear and determine the causes in question is granted exclusively to the courts of Franklin county, and courts outside of that county entertaining jurisdiction over actions brought against the Director of the State Highway Department lay themselves open to the restraining hand of a writ of prohibition.
 

 A writ of prohibition will issue to restrain a judicial tribunal from proceeding with the hearing and determination of a cause when it has not been vested by law with jurisdiction over the person and subject-matter thereof.
 

 “Prohibition is a preventive writ, designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine or in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law. * *
 
 Marsh
 
 v.
 
 Goldthorpe, Mayor,
 
 123 Ohio St., 103, 174 N. E., 246.
 

 That the Court of Common Pleas of Jefferson county clearly intends to continue exercising jurisdiction over the causes under consideration, over which it has no jurisdiction, is not denied. We are therefore of the opinion that a writ of prohibition may issue in this case. The fact that the two co-defendants in the actions under consideration may have their residence in Jefferson county does not operate to confer jurisdiction upon the court situated in that county. Section 1187, General Code, specifically provides that the director shall not be suable either as a sole defendant or jointly with other defendants in courts outside of Franklin county.
 

 Writ allowed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.