Per Curiam.

The principal question raised by the appeal of the Director of Highways is whether the Court of Common Pleas of Hamilton County had jurisdiction to hear and determine this action as against him.
It is the contention of the director that, under the provisions of Section 5501.18, Revised Code, jurisdiction of this type of action against him rests solely in the Court of Common Pleas of Franklin County.
It is a fundamental principle of law that a state can be sued only with its consent.
Section 16, Article I of the Ohio Constitution, provides that “suits may be brought against the state, in such courts and in such manner, as may be provided by law.”
This section, although authorizing the enactment of legislation to provide for actions against the state, is not self-executing and does npt in and pf itself authorize actions against *305 the state. Wolf v. Ohio State University Hospital, 170 Ohio St., 49, 162 N. E. (2d), 475.
Section 5501.18, Revised Code, defining and limiting the jurisdiction of the courts in relation to actions against the Director of Highways, reads as follows:
“The Director of Highways shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin County except in actions brought by a railroad company under Section 4957.30 of the Revised Code, or by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated, or in any action otherwise specifically provided for in Chapters 5501, 5503, 5505, 5511, 5513, 5515, 5517, 5519, 5521, 5523, 5525, 5527, 5529, 5531, and 5533 of the Revised Code.”
An examination of Section 5501.18, Revised Code, clearly shows that, with the exception of actions brought by railroads under certain provisions of the Code and actions by property owners to prevent the taking of their property without due process of law, all actions against the Director of Highways must be brought in Franklin County.
The effect of this section was considered by this court in State, ex rel. Jaster, Dir. of Highways, v. Court of Common Pleas, 132 Ohio St., 93, 5 N. E. (2d), 174, wherein Judge Day, at page 98, said:
“By virtue of Section 1187, General Code [Section 5501.18, Revised Code], all actions against the Director of the State Highway Department must be brought in the courts of Franklin County, wherein is lodged exclusive jurisdiction over causes against him, and courts of any other county are wholly without jurisdiction to hear matters in which the director is sole defendant or defendant jointly with others. Any court assuming jurisdiction over such causes contrary to Section 1187, General Code, does so without authority, and any judgment or decree which it may enter therein will be void and of no effect whatsoever.
* * want of jurisdiction of the cause, equally as much as want of jurisdiction of the person, may render a judgment or *306 decree void *■**.’ Buchanan v. Roy’s Lessee, 2 Ohio St., 251, at 266, 11 Ohio Jurisprudence, 662, Section 19. ’ ’
Thus, this action as to the director can be maintained in Hamilton County only if it falls within the exception relating to the preventing of taking of property without due process.
Is this an action to prevent the taking of property? Obviously, it is not. The petition shows on its face that the property involved in the present action has already been taken and devoted to a public use, and that the present action is not one to prevent a taking but rather an action to recover compensation for a taking which is an accomplished fact. Therefore, the venue of such an action as to the director is clearly confined by Section 5501.18, Revised Code, to the Court of Common Pleas of Franklin County, and the Court of Common Pleas of Hamilton County committed prejudicial error when it failed to sustain the director’s motion for dismissal for laek of jurisdiction.
We come now to a consideration of the question raised by the city of Cincinnati which relates as well to the Director of Highways, since the action of the trial court was directed to both defendants. This question is the right of the defendants to file answers in the present action. The trial court determined that this action is in the nature of an appropriation proceeding and that the only question to be submitted to' the jury was the value of the property and in effect struck the answers of both defendants, giving them no right to defend as to plaintiff’s right to collect compensation.
This brings us to a consideration of the nature of the present action. Although its nature is somewhat vague, it is clearly not an appropriation proceeding. An appropriation proceeding emanates from the public authority, all persons claiming title to the property are brought before the court, and the only question to be determined by the jury is the value of the property. Plaintiff, if he had desired, could have, by mandamus, compelled such proceeding by the public authorities here involved. State, ex rel. McKay, Exr., v. Kauer, Dir. of Highways, 156 Ohio St., 347, 102 N. E. (2d), 703. He did not do so, however, but chose to institute the present action apparently on the authority of Lucas v. Carney et al., Bd. of County Commrs., 167 *307 Ohio St., 416, 149 N. E. (2d), 238, in which this court held that a property owner whose property was taken for a public use by a county could institute an action against such county to have his damages assessed by a jury. That case was before us on a demurrer to the petition, and we held there merely that the petition stated a cause of action; we did not determine either that such action was an appropriation proceeding or that the county had no right to file an answer and defend as to plaintiff’s right to receive compensation. On the contrary, we clearly indicated that the county had a right to defend in such action not only as to amount of compensation but as to the right to receive compensation. Judge Stewart, at page 426, stated:
“In the present cases, we are dealing with demurrers to amended petitions and, therefore, cannot forecast what the evidence will be upon the trial of these cases, whether the evidence produced will show that the property of plaintiffs was not damaged by the actions of the county, or that the damage resulted solely from a vis major, or any other facts which may relieve the county of liability. We are simply deciding that the demurrers to the amended petitions should have been overruled. ’ ’
What is the basic nature of the present action? This is an action by an alleged property owner who is urging that his land has been taken by the public authorities and devoted to a public use, and that as a result of such taking he is entitled to compensation. As we have herein before indicated, it is not an appropriation proceeding by the public authorities. Bather, it is an action by a landowner against such public authorities, alleging what is basically a trespass. In addition to a determination of the issue of value, there must be a determination of the right of the plaintiff to recover; in other words, a question of title is presented in addition to the questions whether there has been a taking and if so by whom. Clearly, the public authority has the right to file an answer and put such questions in issue.
It is our opinion, therefore, that the trial court committed prejudicial error when it struck the answers of the defendants from the files.
It must be noted that, since the state was made a party to the action herein, we have included it in our discussion of the right to file an answer. However, we do not determine that the *308 state is subject to such an action without its consent. Where a taking is made by the state, the property owner’s redress must be obtained by bringing an action in mandamus to compel the director to appropriate the property so taken.
The Court of Common Pleas committed prejudicial error in striking the answers. So far as the city of Cincinnati is concerned, the judgment of the Court of Appeals is reversed, the cause is remanded, and the Court of Common Pleas is ordered to reinstate the answer of the city of Cincinnati and proceed to hear the cause according to law upon such pleadings.
The Court of Common Pleas of Hamilton County did not have jurisdiction in this action over the Director of Highways. Therefore, as to him, the judgment of the Court of Appeals is reversed and the Court of Common Pleas is ordered to sustain the motion to dismiss the director for lack, of jurisdiction.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Radcliff and O’Neill, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.