Taft, J.
Since there is no bill of exceptions, this court does not know what evidence was presented to the Court of Appeals. Hence, the only question before this court is whether the petition states a cause of action. See State, ex rel. Moffit, v. Zupnik (1943), 142 Ohio St., 232, 51 N. E. (2d), 661; Viering v. Scott (1949), 152 Ohio St., 211, 88 N. E. (2d), 921; Marriott v. Hawk (1924), 111 Ohio St., 285, 145 N. E., 287.
A court has no jurisdiction to render a personal judgment against a defendant (such as is sought by respondent Moreland against relator in the aforementioned action in the Common Pleas Court) where such defendant has not appeared generally and that court has not otherwise acquired jurisdiction over his person.
A writ of prohibition may be issued to prevent an inferior tribunal from exercising jurisdiction which it does not possess. State, ex rel. Jaster, Dir. of Highways, v. Court of Common Pleas (1936), 132 Ohio St., 93, 5 N. E. (2d), 174.
However, it is contended that relator has an adequate remedy in the ordinary course of the law, and that, therefore, the Court of Appeals should have refused to allow the writ. We believe it unnecessary to decide in the instant case whether relator has such a remedy.
This court in the exercise of its discretion will usually refuse to allow a writ of prohibition or of mandamus where the relator has an adequate remedy in the ordinary course of the law. However, it has the power to, and may in the exercise of its discretion, issue such a writ in such an instance. State, ex rel. Wesselman, v. Board of Elections (1959), 170 Ohio St., 30, 162 N. E. (2d), 118. See State, ex rel. Libby-Owens-Ford Glass Co., v. Industrial Commission (1954), 162 Ohio St., 302, 123 N. E. (2d), 23.
A Court of Appeals has this same discretion. State, ex rel. Wesselman, v. Board of Elections, supra (170 Ohio St., 30). Therefore, the judgment of a Court of Appeals, granting a writ *124 of prohibition or of mandamus, will not be reversed merely because the relator has an adequate remedy in the ordinary course of the law. State, ex rel. Gelman, v. Common Pleas Court (1961), 172 Ohio St., 70, 173 N. E. (2d), 343 (prohibition); State, ex rel. Wesselman, v. Board of Elections, supra (170 Ohio St., 30) (mandamus); State, ex rel. Feighan, v. Green et al., Board of Elections (1960), 171 Ohio St., 263, 169 N. E. (2d), 551 (mandamus); State, ex rel. Lorain County Savings & Trust Co., v. Board of County Commissioners (1960), 171 Ohio St., 306, 170 N. E. (2d), 733 (mandamus).

Judgment affirmed.

Zimmerman, Matthias, Bell, Radcliee and O’Neill, JJ., concur.
Weygandt, C. J., concurs in the judgment.
Radcliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.
Weygandt, C. J., concurs in the judgment of affirmance on the ground that the Court of Appeals was correct in allowing the writ of prohibition for the simple and conclusive reason that, without the issuance and service of summons, the Court of Common Pleas was without jurisdiction over this relator against whom judgment was sought in the personal injury action.