[STATE, EX REL.] BROWN ET AL., *v.* PRESTON, DIR.

(No. 2755—Decided January 18, 1963.)

*Mr. Mason Douglass,* for relators.
*Mr. Mark McElroy,* attorney general, *Mr. Richard D. Young, Mr. James J. Gilvary* and *Mr. Thomas F. Folino,* for respondent.

CRAWFORD, P. J. Relators allege they are the owners of a long-term lease of certain premises which the respondent has taken for highway purposes without compensation and without following the statutory procedure for appropriation. They pray for a writ of mandamus requiring the director to proceed under the law provided for appropriation proceedings.

Respondent has filed a motion to quash the service of summons because of lack of venue. He cites Section 5501.18, Revised Code, providing that the Director of Highways shall not be suable in any court outside Franklin County "except in actions * * * by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated."

The question presented is whether this action falls within that exception. The highway director has already taken physical possession of the property and in that sense the mandamus action herein has not been brought to prevent the bare physical

taking, but since the taking has not been accompanied by appropriation proceedings with a tender of compensation, the taking of the property has thus far been without due process of law.

We are of the opinion that the language, "or actions by a property owner to prevent the taking of property without due process of law," must be read and construed in its entirety, and when so read and construed means the prevention not merely of the threatened physical taking, but of the taking of property without paying compensation therefor and without following the statutory procedure.

In *State, ex rel. McKay, Exr.*, v. *Kauer, Dir.*, 156 Ohio St., 347, the facts were similar. Mandamus was successfully pursued in the Supreme Court. While that case is authority for the correctness of the remedy, it does not assist in deciding the question of venue.

In the case of *State, ex rel. Jaster, Jr., Dir.*, v. *Court of Common Pleas*, 132 Ohio St., 93, a writ of prohibition was issued against the Common Pleas Court of Jefferson County from hearing eight actions in mandamus against the Director of Highways. The nature of the mandamus actions is not stated. The statutory exception quoted above is mentioned along with other statutes, but no comment is made as to its applicability.

The respondent relies upon the case of *Wilson* v. *City of Cincinnati*, 172 Ohio St., 303.

In that case plaintiff brought an action in Hamilton County to recover compensation for property allegedly owned by him, of which the defendants had taken physical possession, and which they had devoted to public use. The defendants filed answers. The director's answer attempted to attack plaintiff's title. The Common Pleas Court sustained plaintiff's motion to strike the answers. The director moved to dismiss the action against him because of improper venue under the provisions of Section 5501.18, Revised Code. The court held that the action was an appropriation proceeding in which the only issue for the jury was the value of the property. Verdict and judgment were rendered for the plaintiff and affirmed by the Court of Appeals.

The Supreme Court held that this was not an action "to prevent a taking [of property] but rather an action to recover compensation for a taking which is an accomplished fact."

It further commented:

"This brings us to a consideration of the nature of the present action. Although its nature is somewhat vague, it is clearly not an appropriation proceeding. An appropriation proceeding emanates from the public authority, all persons claiming title to the property are brought before the court, and the only question to be determined by the jury is the value of the property. *Plaintiff, if he had desired, could have, by mandamus, compelled such proceeding by the public authorities here involved.* * * *" (Emphasis added.)

The court stated further that the action alleged what was basically a trespass, involving issues both of value and of plaintiff's right to recover; and that both these questions were put in issue by the answers.

It was held that the court committed prejudicial error in striking the answers of the defendants from the files. The judgment was reversed, the Director of Highways dismissed, and the cause remanded with instructions to reinstate the answer of the city of Cincinnati.

The court also made this observation:

"* * * Where a taking is made by the state, the property owner's redress must be obtained by bringing an action in mandamus to compel the director to appropriate the property so taken."

The court made no comment as to the proper venue in mandamus.

The present case differs from the *Wilson case* in two important respects: First, no issue of relators' title has been raised; and, second, relators challenge the right of the director to take their property in the manner in which he proceeded. No such challenge was made in the *Wilson case*; there only compensation was sought.

Here the relators are saying in effect that the director is taking their property without due process of law, which they seek to prevent. They endeavor to do so by the method of mandamus. The Supreme Court declared mandamus to be a proper remedy, without specifying venue.

Counsel for the respondent appear to argue that in order to have venue in Montgomery County the action must be one "to prevent the taking of property," ignoring altogether the last

clause of the exception, "without due process of law"; and that inasmuch as the director has physically taken the property, although without any legal process and without compensation, there can no longer be an action "by a property owner to prevent the taking of property without due process of law." The inevitable corollary of that argument is that, however arbitrarily the director might seize property, every owner would be compelled to resort to the onerous and expensive procedure of bringing his action for redress in Franklin County, with the result that the statutory provisions for appropriation would be nullified.

We believe that the Legislature intended to impose no such unreasonable burden, and that on the contrary it was for the very purpose of preventing it that the exception was framed to provide local venue in an action "by a property owner to prevent the taking of property *without due process of law.*" (Emphasis ours.) This provision for the exception is a complete entity, unpunctuated, and indivisible.

Judge Bell, dissenting in the *Wilson case,* contended that the phrase, "without due process," was effective to afford local venue even in a case of that nature.

If ours is not the correct interpretation of the statute, what does it mean? An owner cannot prevent the taking of his property *with* due process of law. The expression, "without due process of law," is the very essence of the exception. The lack of due process is the basis of the owner's action and provides him with local venue. The Supreme Court has not declared otherwise.

The director's motion to quash service will be overruled.

*Motion overruled.*

KERNS and SHERER, JJ., concur.