OPINION
{¶ 1} Appellants, Richard L. and June L. Blank, appeal from the February 9, 2005 judgment entry of the Trumbull County Court of Common Pleas dismissing their counterclaim for writ of mandamus due to lack of subject matter jurisdiction.
 {¶ 2} Appellee, Gordon Proctor, Director of the Ohio Department of Transportation, filed a petition to appropriate property owned by appellants, as well as a temporary easement, and to fix compensation on December 3, 2001. In his petition, appellee alleged that it was necessary to appropriate property owned by appellants, specifically parcels 34-S and 34-T, for the purpose of highway improvement to State Route 5 ("SR 5"), on South High Street, in the city of Cortland. Appellants own commercial property, a florist shop and a restaurant, on South High Street. According to the petition, parcel 34-S was for a permanent sewer easement, for a total area of .048 acres. Parcel 34-T was for a temporary easement necessary for the improvement project, for a total area of .076 acres. Pursuant to R.C. 163.06, appellee deposited $4,650 with the clerk of courts, for the amount determined to be the fair market value of the property and any damages that may occur to the residue.
 {¶ 3} Appellants filed their answer on January 2, 2002. On April 15, 2003, the trial court dispersed the original amount, $4,650, deposited by appellee, to appellants.
 {¶ 4} According to appellee's notice of date of take, appellee or his agents physically entered appellants' property for purposes of construction of the highway improvement project on April 29, 2002.
 {¶ 5} On August 20, 2004, appellants filed a motion for leave to file a claim for writ of mandamus to compel appellee to appropriate additional property seized during construction. The trial court granted the motion on August 26, 2004, and appellants filed a claim for writ of mandamus the same day. In their claim, appellants alleged that appellee broadened its occupation of appellants' property, outside and beyond the limits of the easements which appellee had specified in his plans. Specifically, they alleged an additional taking occurred during construction when appellee occupied, stored, and parked heavy equipment on their parking lots, obstructing their access to the lots; caused damage to the parking lots, a concrete pad, and a south wall in the restaurant; damaged sewer and gas lines to the property; damaged a storm sewer line; and blocked their access to the rear door of the restaurant. Appellants requested that the value of the additional rights seized and any damages be determined by the jury in the pending appropriation case.
 {¶ 6} On September 13, 2004, pursuant to Civ.R. 12(B)(1), appellee filed a motion to dismiss appellants' petition for a writ of mandamus due to lack of subject matter jurisdiction. Pursuant to Civ.R. 54(B), the trial court granted appellee's motion on February 9, 2005, and stayed the case pending appeal. It is from this judgment that appellants appeal, raising the following sole assignment of error:
 {¶ 7} "The trial court abused its discretion and committed prejudicial error in dismissing appellants' counterclaim for a writ of mandamus to require [appellee] to appropriate additional property rights seized during the pendency of the appropriation case."
 {¶ 8} Initially, we note that the correct standard of review when a trial court grants a Civ.R. 12(B)(1) motion to dismiss is "`whether the plaintiff has alleged any cause of action which the court has authority to decide.'" Bd. of Trustees of PainesvilleTwp. v. Painesville (June 26, 1998), 11th Dist. No. 97-L-090, 1998 Ohio App. LEXIS 2942, at 9-10, quoting Manholt v. MaplewoodJoint Vocational School Dist. Bd. of Edn. (Aug. 21, 1992), 11th Dist. No. 91-P-2410, 1992 Ohio App. LEXIS 4282, at 4. "As for the standard to be applied in appellate review of Civ.R. 12(B)(1) dismissals, this court noted in Manholt that when the trial court dismisses the complaint, but does not make any determinations with regard to disputed factual issues, our review is limited to a determination of whether the trial court's application of the law was correct." Id. at 10.
 {¶ 9} In their assignment, appellants posit one issue for review: whether "the subject jurisdiction for an inverse condemnation counterclaim in mandamus for the seizure of additional property rights from a landowner during the pendency of the landowner's appropriation case is governed by Article IV, [Section] 5(B) of the Ohio Constitution and the Ohio Rules of Civil Procedure which abrogates and supercedes [sic] [R.C.] 5501.22."
 {¶ 10} In addition, appellants argue two sub-issues. The first sub-issue is whether the seizure of additional property rights constitutes a taking that requires appropriation and additional compensation. Appellants' second sub-issue is whether Civ.R. 13(A) requires landowners to file their counterclaim for mandamus for additional seized property in the pending appropriation case in Trumbull County and not in Franklin County pursuant to R.C. 5501.22.
 {¶ 11} With respect to appellants' first sub-issue, we note that the jurisdictional issue is dispositive of this case. Hence, we will not get to the merits of this sub-issue.
 {¶ 12} We will address appellants' second sub-issue concomitantly with their main issue since the issues are essentially the same. Appellants argue that Civ.R. 13(A) requires landowners to file their counterclaim for mandamus for additional property seized in the pending appropriation case, not in Franklin County as mandated by R.C. 5501.22.
 {¶ 13} R.C. 5501.22 provides that: "[t]he director of transportation shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin county except in actions brought * * * by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated * * *."
 {¶ 14} Appellants argue that R.C. 5501.22 is not controlling due to the passage of the Modern Courts Amendment. Section 5(B), Article IV, of the Ohio Constitution contains part of the Modern Courts Amendment of 1968, and provides in part that, "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall notabridge, enlarge, or modify any substantive right. (* * *) All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Hartsock v. ChryslerCorp. (1989), 44 Ohio St.3d 171, 173. (Emphasis added.)
 {¶ 15} Regarding the Modern Courts Amendment, the Supreme Court of Ohio stated in Morgan v. W. Elec. Co., Inc. (1982),69 Ohio St.2d 278, 281, that:
 {¶ 16} "[t]his constitutional amendment recognizes that where conflicts arise between the Civil Rules or Appellate Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law. Boyer v. Boyer (1976), 46 Ohio St.2d 83, 86;State v. Hughes (1975), 41 Ohio St.2d 208; Morrison v.Steiner (1972), 32 Ohio St.2d 86 (subject matter jurisdiction of a municipal court contrasted with venue); Krause v. State
(1972), 31 Ohio St.2d 132, 145."
 {¶ 17} "`Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits * * *.'" BCLEnterprises, Inc. v. Ohio Dept. of Liquor Control (1997),77 Ohio St.3d 467, 469, citing Morrison, supra, paragraph one of the syllabus. "[It] defines the competency of a court to render a valid judgment in a particular action." Morrison at 87. It is well established that subject matter jurisdiction issubstantive law, not procedural. Akron v. Gay (1976),47 Ohio St.2d 164, 165-166. (Emphasis added.)
 {¶ 18} Appellants cite three cases in support of their argument that the Rules of Civil Procedure should prevail over R.C. 5501.22: Rockey v. 84 Lumber Co. (1993),66 Ohio St.3d 221, Hiatt v. S. Health Facilities, Inc. (1994),68 Ohio App.3d 236, and Graley v. Satazatham (1976), 74 O.O. 2d 316. However, even in their argument, appellants point out that all three cases denote that the Rules of Civil Procedure prevail over conflicting statutes on matters regarding procedure.
 {¶ 19} Thus, we conclude that R.C. 5501.22, being substantive, controls over the Rules of Civil Procedure. Therefore, R.C. 5501.22 confers exclusive jurisdiction to courts in Franklin County over suits involving the director of the Ohio Department of Transportation, unless it falls within one of the limited exceptions.
 {¶ 20} We must now determine if the mandamus action on appeal is one that falls within the exception under R.C. 5501.22, which would permit appellants to file their claim in Trumbull county; i.e., the county where the "the property is situated."
 {¶ 21} As we stated in the foregoing analysis, R.C. 5501.22
prohibits any suit against the director of transportation in any court outside Franklin County "except in actions brought * * * by a property owner to prevent the taking of property without due process of law * * * [.]" In the case sub judice, the record on appeal makes it abundantly clear that at the time of appellants' filing of their mandamus action, the alleged "taking" had already occurred. The highway improvement project was complete. Any additional "seizure" that may have ensued during the construction of the project, could not now be prevented. As such, appellants' mandamus action does not fall within the limited exception of R.C. 5501.22.
 {¶ 22} Appellants argue that three of the cases cited by appellee at trial in support of his position that R.C. 5501.22
gives the trial court jurisdiction to prevent a taking of property and not for a completed taking of property, preceded the Modern Courts Amendment of 1968.[1] However, appellee correctly points out that "this court found Wilson and Braman
controlling in the matter just six months ago in [State ex rel.Turkovich v. Proctor, 11th Dist. No. 2004-T-0081, 2004-Ohio-6699]." Indeed, in Turkovich, we agreed with the reasoning in Wilson and Braman, and stated that, "once the taking of the property has been completed without the filing of an appropriation action, the violation of due process has also technically been completed." Id. at ¶ 20.
 {¶ 23} Based on the foregoing analysis, we conclude that the Trumbull County Court of Common Pleas does not have subject matter jurisdiction to adjudicate appellants' mandamus action. As such, appellants' assignment of error is without merit and the judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Neill, J., Grendell, J., concur.
[1] The three cases cited by appellee at trial were: State exrel. Jaster v. Ct. of Common Pleas of Jefferson Cty. (1936),132 Ohio St. 93; Wilson v. Cincinnati (1961), 172 Ohio St. 303; andState ex rel. Braman v. Masheter (1966), 5 Ohio St.2d 197.