OPINION
{¶ 1} Appellants, Gregory Alan and Beverly J. Davenport, appeal from the October 21, 2005 judgment entry of the Trumbull County Court of Common Pleas dismissing their counterclaim for writ of mandamus due to lack of subject matter jurisdiction.
 {¶ 2} Appellee, Gordon Proctor, Director of the Ohio Department of Transportation, filed a petition to appropriate property on South High Street owned by appellants, as well as a temporary easement, and to fix compensation on November 20, 2001. In his petition, appellee alleged that it was necessary to appropriate property owned by appellants, specifically parcels 25-WD and 25-WD-1, each being .001 acres, for the purpose of highway improvement to State Route 5 ("SR 5"), on South High Street, in the city of Cortland. Appellee further alleged that it would be necessary to appropriate a temporary easement for the purpose of performing the work necessary to construct a drive and to grade, for an area of .086 acres. Appellants own commercial property on South High Street.
 {¶ 3} Pursuant to R.C. 163.06, appellee deposited $24,100 with the clerk of courts, for the amount determined to be the fair market value of the property and any damages that may occur to the residue.
 {¶ 4} Appellants filed their answer on December 19, 2001. On December 31, 2001, the trial court dispersed the original amount, $24,100, deposited by appellee, to appellants.
 {¶ 5} Appellee later amended his petition to only appropriate two temporary easements, parcels 25-T and 25T-1, in order to regrade the driveways to the widened road, for areas of .009 and .018 acres. Appellee determined the value of the temporary easements to be $925.
 {¶ 6} Appellee physically entered the property on May 1, 2003, to begin the widening project, and remained for a total of eighteen months.
 {¶ 7} On March 9, 2005, appellants filed a motion for leave to file a claim for writ of mandamus to compel appellee to appropriate additional property seized during construction. The trial court granted the motion immediately, and appellants filed a claim for writ of mandamus the same day. In their claim, appellants alleged that appellee broadened its occupation of appellants' property, outside and beyond the limits of the easements which appellee had specified in his plans. Specifically, they maintained that an additional taking occurred during construction when appellee occupied, stored, and parked heavy equipment on their parking lots, impairing their access to their building; caused damage to their parking lot; damaged sewer and water lines to the property; blocked the access to both entrances of their building; diverted traffic through their parking lot; shut off their water; dug a cave hole on their property; and stored construction equipment on their property. Appellants requested that the value of the additional rights seized and any damages be determined by the jury in the pending appropriation case.
 {¶ 8} On August 3, 2005, pursuant to Civ.R. 12(B)(1), appellee filed a motion to dismiss appellants' petition for a writ of mandamus due to lack of subject matter jurisdiction. The trial court granted appellee's motion on October 21, 2005. It was from the October 21, 2005 judgment that appellants filed a timely notice of appeal. However, the October 21, 2005 judgment entry was not a final appealable order. On July 28, 2006, we remanded this case to the trial court so that the trial court could issue a new order clarifying whether it intended its judgment to be a final appealable order by including Civ.R. 54(B) language "no just reason for delay." On September 14, 2006, the trial court amended its judgment entry, elucidating that, "[t]he matter is continued regarding the issue of compensation, damages, fees and expenses. This is a final appealable order, and there is no just cause for delay. CASE TO PROCEED." Thus, although appellants' appeal was initially premature, the foregoing judgment entry supplies finality. As such, this court may proceed with the appeal.
 {¶ 9} Appellants raise the following sole assignment of error for our review:
 {¶ 10} "The trial court abused its discretion and committed prejudicial error in dismissing appellants' counterclaim for a writ of mandamus to require [appellee] to appropriate additional property rights seized during the pendency of the appropriation case."
 {¶ 11} We note at the outset that on May 12, 2006, we answered this exact question in Proctor v. Blank, 11th Dist. No. 2005-T-0027, 2006-Ohio-2386, and Proctor v. Kardassilaris,
11th Dist. No. 2005-T-0026, 2006-Ohio-2385.
 {¶ 12} The correct standard of review when a trial court grants a Civ.R. 12(B)(1) motion to dismiss is "`whether the plaintiff has alleged any cause of action which the court has authority to decide.'" Bd. of Trustees of Painesville Twp. v.Painesville (June 26, 1998), 11th Dist. No. 97-L-090, 1998 Ohio App. LEXIS 2942, at 9-10, quoting Manholt v. Maplewood JointVocational School Dist. Bd. of Edn. (Aug. 21, 1992), 11th Dist. No. 91-P-2410, 1992 Ohio App. LEXIS 4282, at 4. "As for the standard to be applied in appellate review of Civ.R. 12(B)(1) dismissals, this court noted in Manholt that when the trial court dismisses the complaint, but does not make any determinations with regard to disputed factual issues, our review is limited to a determination of whether the trial court's application of the law was correct." Id. at 10.
 {¶ 13} In their assignment, appellants posit one issue for review: whether the subject matter jurisdiction for an inverse condemnation counterclaim in mandamus for the seizure of additional property rights from a land owner, during the pendency of the landowner's appropriation case, is governed by Article IV, Section 5(B), of the Ohio Constitution and the Ohio Rules of Civil Procedure, which abrogate and supersede R.C. 5501.22.
 {¶ 14} In addition, appellants argue two sub-issues. The first is whether the seizure of additional property rights constitutes a taking that requires appropriation and additional compensation. Appellants' second sub-issue is whether Civ.R. 13(A) requires landowners to file their counterclaim for mandamus for the additional seized property in the pending appropriation case in Trumbull County and not in Franklin County pursuant to R.C. 5501.22. We note that the second sub-argument here, the jurisdictional issue, is dispositive of this case, and thus, we will not get to the merits of the first.
 {¶ 15} We will address appellants' second sub-issue concomitantly with their main argument since the questions are essentially the same. Appellants argue that Civ.R. 13(A) requires landowners to file their counterclaim for mandamus for additional property seized in the pending appropriation case, not in Franklin County as mandated by R.C. 5501.22.
 {¶ 16} R.C. 5501.22 provides that: "[t]he director of transportation shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin county, except in actions brought * * * by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated * * *."
 {¶ 17} Appellants argue that R.C. 5501.22 is not controlling due to the passage of the Modern Courts Amendment. Section 5(B), Article IV, of the Ohio Constitution contains part of the Modern Courts Amendment of 1968, and provides in part that, "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall notabridge, enlarge, or modify any substantive right. (* * *) All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Hartsock v. ChryslerCorp. (1989), 44 Ohio St.3d 171, 173. (Emphasis added.)
 {¶ 18} Regarding the Modern Courts Amendment, the Supreme Court of Ohio stated in Morgan v. W. Elec. Co., Inc. (1982),69 Ohio St.2d 278, 281, that:
 {¶ 19} "[t]his constitutional amendment recognizes that where conflicts arise between the Civil Rules or Appellate Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law. Boyer v. Boyer (1976), 46 Ohio St.2d 83[,] 86;State v. Hughes (1975), 41 Ohio St.2d 208; Morrison v.Steiner (1972), 32 Ohio St.2d 86 (subject matter jurisdiction of a municipal court contrasted with venue); Krause v. State
(1972), 31 Ohio St.2d 132, 145."
 {¶ 20} "`Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits (* * *).'" BCLEnterprises, Inc. v. Ohio Dept. of Liquor Control (1997),77 Ohio St.3d 467, 469, quoting Morrison, supra, paragraph one of the syllabus. "[It] defines the competency of a court to render a valid judgment in a particular action." Morrison at 87. It is well established that subject matter jurisdiction issubstantive law, not procedural. Akron v. Gay (1976),47 Ohio St.2d 164, 165-166. (Emphasis added.)
 {¶ 21} Appellants cite three cases in support of their argument that the Rules of Civil Procedure should prevail over R.C. 5501.22: Rockey v. 84 Lumber Co. (1993),66 Ohio St.3d 221, Hiatt v. S. Health Facilities, Inc. (1994),68 Ohio St.3d 236, and Graley v. Satayatham (1976), 74 O.O.2d 316. However, even in their argument, appellants point out that all three cases denote that the Rules of Civil Procedure prevail over conflicting statutes on matters regarding procedure.
 {¶ 22} Thus, we conclude that R.C. 5501.22, being substantive, controls over the Rules of Civil Procedure. Therefore, R.C. 5501.22 confers exclusive jurisdiction to courts in Franklin County over suits involving the director of the Ohio Department of Transportation, unless it falls within one of the limited exceptions.
 {¶ 23} We must now determine if the mandamus action on appeal is one that falls within the exception under R.C. 5501.22, which would permit appellants to file their claim in Trumbull County; i.e., the county where the property is situated.
 {¶ 24} As we stated in the foregoing analysis, R.C. 5501.22
prohibits any suit against the director of transportation in any court outside Franklin County "except in actions brought * * * by a property owner to prevent the taking of property without due process of law * * * [.]" (Emphasis added.) In the case sub judice, the record on appeal makes it abundantly clear that at the time of appellants' filing of their mandamus action, the alleged taking had already occurred. The highway improvement project was complete. Any additional seizure that may have ensued during the construction of the project, could not now be prevented. As such, appellants' mandamus action does not fall within the limited exception of R.C. 5501.22.
 {¶ 25} Appellants argue that the cases cited by appellee at trial in support of his position that R.C. 5501.22 gives the trial court jurisdiction to prevent a taking of property and not for a completed taking of property, preceded the Modern Courts Amendment of 1968.[1] However, appellee correctly points out that "this [c]ourt found Wilson and Braman controlling in the matter just six months ago in [State ex rel. Turkovich v.Proctor, 11th Dist. No. 2004-T-0081, 2004-Ohio-6699]." Indeed, in Turkovich, we agreed with the reasoning in Wilson andBraman, and stated that "once the taking of the property has been completed without the filing of an appropriation action, the violation of due process has also technically been completed." Id. at ¶ 20.
 {¶ 26} Based on the foregoing analysis, we conclude that the Trumbull County Court of Common Pleas does not have subject matter jurisdiction to adjudicate appellants' mandamus action. As such, appellants' assignment of error is without merit, and the judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Neill, J., concurs, O'Toole, J., concurs in judgment only.
[1] The three cases cited by appellee at trial were: State exrel. Jaster v. Ct. of Common Pleas of Jefferson Cty. (1936),132 Ohio St. 93; Wilson v. Cincinnati (1961), 172 Ohio St. 303; andState ex rel. Braman v. Masheter (1966), 5 Ohio St.2d 197.