THE STATE, EX REL. BRAMAN, APPELLANT, *v.* MASHETER, DIRECTOR OF HIGHWAYS, ET AL., APPELLEES.

[Cite as State, ex rel. Braman, v. Masheter, Dir., 5 Ohio St. 2d 197.]

(No. 39763—Decided March 9, 1966.)

198

Mr. *Melvin J. Singer*, for appellant.

Mr. *William B. Saxbe*, attorney general, Mr. *I. Charles Rhoads*, Mr. *George E. Mastics* and Mr. *Eli Manos*, for appellee Director of Highways.

Mr. *Bronis J. Klementowicz*, director of law, Mr. *Frank R. Klause* and Mr. *Harry Auslander*, for appellee city of Cleveland.

*Per Curiam.* The questions presented by this appeal are whether the Court of Appeals erred in granting the motion to quash service of summons and in sustaining the demurrer to the petition.

It is provided in Section 5501.18, Revised Code:

"The Director of Highways shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin County except * * * by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated * * *."

Under this statute, the director may not be sued in Cuyahoga County unless this case falls within the exception in the above-quoted statute.

This is an absolute right conferred by statute, and the joinder of a defendant which is situated in the county where suit is brought does not deprive the director of this right. *State, ex rel. Barber, Pros. Atty.,* v. *Rhodes, Aud.,* 165 Ohio St. 414; *State, ex rel. Gregory,* v. *Masheter, Dir.,* 3 Ohio St. 2d 43.

It appears from the face of the petition that this suit was not brought to prevent the taking of property without due process of law under the exception in Section 5501.18, *supra,* but rather was brought to compel the Director of Highways and the city of Cleveland to institute proceedings to appropriate to a public purpose and pay compensation for property alleged to have already been taken. *Wilson* v. *City of Cincinnati,* 172 Ohio St. 303; *State, ex rel. Gregory,* v. *Masheter, Dir., supra.*

The action against the director should have been brought in Franklin County and the Court of Appeals did not err in sustaining the director's motion to quash service of summons.

The city of Cleveland demurred to the petition and the demurrer was sustained for want of jurisdiction.

Section 5501.18, *supra,* applies only to the Director of Highways and in no way deprives the Court of Appeals for Cuyahoga County of the power to determine the issues between relator and respondent city. *Wilson* v. *City of Cincinnati, supra.* The Court of Appeals has jurisdiction of the subject of this action in mandamus under Section 6 of Article IV of the Ohio Constitution. Likewise, the territorial jurisdiction of the Court of Appeals was not exceeded. The Court of Appeals, therefore, erred in sustaining the city's demurrer and dismissing the action.

The judgment of the Court of Appeals is affirmed as to the Director of Highways and is reversed as to the city of Cleveland, and the cause is remanded for further proceedings.

*Judgment affirmed in part and reversed in part.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.