SARKIES, APPELLEE, *v.* STATE OF OHIO, DEPT. OF
TRANSPORTATION, APPELLANT.

(No. 78-1100—Decided May 16, 1979.)

*Messrs. Letson, Griffith, Kightlinger & Woodal,* and *Mr. Edward L. Lavelle,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Donald J. Guittar, Mr. Vincent P. Korey* and *Mr. Michael K. Nunner,* for appellant.

PAUL W. BROWN, J. The threshold issue before this court is whether the instant cause should have been dismissed by the trial court, upon appellant's motion, for lack of jurisdiction over the subject matter by virtue of R. C. 5501.22.

This statute provides, in relevant part, as follows:

"The director of transportation shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin County except in actions brought by a railroad company under section 4957.30 of the Revised Code, or by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated, or in any action otherwise specifically provided for in Chapters 5501, 5503, 5511, 5512, 5513, 5515, 5516, 5517, 5519, 5521, 5523, 5525, 5527, 5528, 5529, 5531, 5533 and 5535 of the Revised Code.'"

In *State, ex rel. Jaster,* v. *Ct. of Common Pleas* (1936), 132 Ohio St. 93, at page 98, this court stated as follows:

"By virtue of Section 1187, General Code [a predecessor to R. C. 5501.22], all actions [subject to certain exceptions] against the Director of the State Highway Department [now Director of Transportation] must be brought in the courts of Franklin county, wherein is lodged exclusive jurisdiction over causes against him, and courts of any other county are wholly without jurisdiction to hear mat-

---

[1]Although the complaint named the state of Ohio, Department of Transportation as defendant, it is not disputed that the complaint was actually directed to the Director of Transportation, in whose name the Department of Transportation acts. See R. C. 5519.01 and 163.02, which place the power to initiate appropriation proceedings on behalf of the Department of Transportation with the Director.

ters in which the director is sole defendant or defendant jointly with others. Any court assuming jurisdiction over such causes contrary to Section 1187, General Code, does so without authority, and any judgment or decree which it may enter therein will be void and of no effect whatsoever.

" ' * * * want of jurisdiction of the cause, equally as much as want of jurisdiction of the person may render a judgment or decree void; * * *.' *Buchanan* v. *Roy's Lessee,* 2 Ohio St. 251, at 266; 11 Ohio Jurisprudence, 662, Section 19." The above passage was cited, and quoted with approval, in *Wilson* v. *Cincinnati* (1961), 172 Ohio St. 303, at pages 305-306.

Accordingly, this cause could be brought in Trumbull County only if the statutory exception which permits actions outside Franklin County "by property owner[s] to *prevent* the taking of property without due process of law" (emphasis added) is applicable.

As in *Wilson, supra,* and *State, ex rel. Braman,* v. *Masheter* (1966), 5 Ohio St. 2d 197, the issue becomes whether the present action was initiated to prevent a taking of property or to recover compensation for a taking which was an accomplished fact. To answer this question we must look to the face of the complaint. See *Wilson* and *Braman, supra.*

The substance of the complaint herein is as follows:

"5. The refusal to permit defendant, A. P. O'Horo Company, to purchase dirt from plaintiff constitutes * * * an appropriation of plaintiff's property by defendant, State of Ohio * * *.

" * * *

"Wherefore, plaintiff prays for a temporary injunction pending determination of the rights of the parties by this Court and asks this Court to determine that defendant, State of Ohio, has in fact by its actions appropriated plaintiff's property, and plaintiff asks that it be ordered to file an appropriation proceeding to determine the value thereof and pay said proceeds to plaintiff in accordance with the statutes of Ohio; * * *."

It is clear from the language of the complaint that ap-

pellee alleged his property to have been taken by the state. Since the trial court was without authority, pursuant to R. C. 5501.22, to hear an issue other than that concerning the prevention of a taking, the cause should have been dismissed by the trial court. The fact that plaintiff sought a temporary injunction pending determination of the parties' rights did not vest the court with jurisdiction, since the injunction was conditioned upon resolution of an issue which the court lacked power to hear.

For reason of the foregoing,[2] the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[2]In resolving this cause as we do upon jurisdictional grounds, this court is by no means conceding that the state, in prohibiting the contractor from purchasing fill dirt from the appellee, appropriated a compensable property interest of appellee.