THE STATE, EX REL. LAWRENCE DEVELOPMENT CO., APPELLANT, *v.* WEIR, DIR., DEPT. OF TRANSP., APPELLEE.

(No. 83AP-218—Decided August 11, 1983.)

*Messrs. Portugal & Singer* and *Mr. Lawrence A. Singer,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Ms. Debra J. DeSanto* and *Mr. Michael H. Igoe,* for appellee.

NORRIS, J. Relator, Lawrence Development Company, filed a complaint alleging that it was the owner of real property located in Lawrence County; that the value of its property was greatly reduced by the action of the respondent director in including the real property within a corridor "set up * * * for the purpose of relocation of Ohio Route 7"; that this action resulted in an effective taking of relator's property; and that respondent was under a clear duty to appropriate its property. Relator sought a writ of mandamus ordering respondent to file appropriation proceedings.

Respondent filed a motion to dismiss pointing out that relator had previously filed an identical action in the Court of Common Pleas of Lawrence County and that all issues raised by the complaint had been litigated in that court. Respondent contended that the final judgment rendered in that case in his favor was final and conclusive of the rights of the parties (*res judicata*), since no appeal was taken. This appeal is from the judgment of the trial court sustaining respondent's motion to dismiss.

Relator raises two assignments of error which will be considered together:

"1. The decision and journal entry of the Franklin County Common Pleas Court is error because it grants defendant's motion to dismiss plaintiff's complaint on the basis of res judicata, when the prior judgment of the Lawrence County Common Pleas Court is invalid because of lack of jurisdiction and venue.

"2. The decision and journal entry of the Franklin County Common Pleas Court is error because it fails to find that the Lawrence County judgment is invalid and void ab initio, and subject to attack at any time."

Relator argues that the judgment of the Court of Common Pleas of Lawrence

County cannot be *res judicata* since that court was without subject matter jurisdiction to render the judgment and it is therefore void, relying upon R.C. 5501.22:

"The director of transportation shall not be suable * * * in any court outside Franklin county except in actions brought by * * * a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated * * *."

The defenses of lack of jurisdiction over the person and improper venue may be waived. Civ. R. 12(H).[1] On the other hand, jurisdiction of the subject matter may not be conferred upon a court by agreement of the parties, and lack of subject matter jurisdiction may not be waived and is even the basis for mandatory *sua sponte* dismissal by the courts. *Fox* v. *Eaton Corp.* (1976), 48 Ohio St. 2d 236, at 238 [2 O.O.3d 408]; Civ. R. 12(H)(2). The question for our resolution, then, is whether R.C. 5501.22 provides for jurisdiction of the person, subject matter jurisdiction, or venue.

That question has been resolved by the Supreme Court — the statute grants exclusive jurisdiction over the subject matter of suits of the nature involved here to the Court of Common Pleas of Franklin County. *Sarkies* v. *State* (1979), 58 Ohio St. 2d 166 [12 O.O.3d 174]; *State, ex rel. Jaster,* v. *Court* (1936), 132 Ohio St. 93 [7 O.O. 204]. Accordingly, we hold that the judgment of the Court of Common Pleas of Lawrence County is void, and therefore is not conclusive of the rights of the parties to this cause.

The assignments of error are sustained to the extent that the Court of Common Pleas of Lawrence County lacked jurisdiction of the subject matter and its judgment is void, the judgment of the court of common pleas is reversed, and this cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.

---

[1] See, also, clarifying amendments to Civ. R. 12(H), effective July 1, 1983.