WANDLING, Appellee,

v.

**OHIO DEPARTMENT OF TRANSPORTATION, Appellant.**

[Cite as *Wandling v. Ohio Dept. of Transp.* (1992), 78 Ohio App.3d 368.]

Court of Appeals of Ohio,
Gallia County.

No. 91 CA 16.

Decided Feb. 21, 1992.

*Anthony D. Cennamo,* for appellee.

*Lee I. Fisher,* Attorney General, *Ronald H. Snyder* and *Rebecca A. Howard,* Assistant Attorneys General, for appellant.

---

*Per Curiam.*

This is an appeal from a judgment entered by the Gallia County Common Pleas Court ordering the Ohio Department of Transportation, defendant below and appellant herein, to release funds to Landis K. "Pat" Wandling, plaintiff below and appellee herein.

Appellant assigns the following errors:

First assignment of error:

"The Gallia County Court of Common Pleas erred when it found that it had subject matter jurisdiction to order the Director of the Ohio Department of Transportation to release funds owed to a purported subcontractor pursuant to a lien claim."

Second assignment of error:

"The Gallia County Court of Common Pleas erred when it found that funds provided by the Ohio Department of Transportation pursuant to R.C. Section 163.53 for reimbursement of moving costs incurred in relocation are subject to the mechanic's lien statute."

Third assignment of error:

"The Gallia County Court of Common Pleas erred when it issued an *ex parte* order directing the Director of the Ohio Department of Transportation to release funds based upon a lien of questionable validity without prior notice or opportunity to respond, as is called for under the Ohio Rules of Civil Procedure."

Fourth assignment of error:

"The Gallia County Court of Common Pleas erred when it concluded that failure to strictly comply with the notice requirements found in R.C. Section 1311.31 entitled appellee to an automatic *ex parte* order releasing funds to him."

Fifth assignment of error:

"The Gallia County Court of Common Pleas erred when it ordered the Ohio Department of Transportation to release $185,000.00 to appellee based on a purported lien claim, when the Ohio Department of Transportation only had $150,000.00 still due and owing the relocatee."

A review of the record reveals the following facts pertinent to this appeal. In July 1990, the Ohio Department of Transportation ("ODOT") appropriated various parcels of real property in Gallia County, Ohio in order to make highway improvements. The appropriated property is adjacent to State Route 35. One parcel of property belonged to John Mathews. Mathews operated an automobile parts lot and a junk yard under the name "Abies Auto System, Inc." ("Abies") on the property.

ODOT determined that Abies qualified, pursuant to R.C. 163.53 *et seq.*, for relocation assistance, and ODOT agreed to pay the expense of relocating the business. On August 7, 1990, Abies and ODOT executed an agreement regarding the amount of relocation assistance benefits for Abies.

On March 20, 1991, appellee filed a "Petition for Money Had and Received; Release of Detained Funds Pursuant to Ohio R.C. Section 1311.28" in the Gallia County Common Pleas Court. Appellee alleged he performed the relocation service for Abies and alleged "all necessary requirements to effect a lien on public funds as mandated by R.C. 1311.26 have been met." Apparently, appellee performed the relocation service and did not receive payment from ODOT or Abies.

On the same day appellee filed his petition, the court issued an order granting appellee's request and requiring ODOT to release $185,000 to appellee within ten days. The court wrote in pertinent part:

"It is ORDERED that funds detained by the Department of Transportation, pursuant to Revised Code 1311.28, and as directed by petitioner's Affidavit/Statement Under Oath for Lien on Public Funds, specifically $185,000.00, be released to Landis K. 'Pat' Wandling, d/b/a P & A Enterprises, as further set forth in Revised Code 1311.28.

"It is also ORDERED that since no compensation has been received by the lien claimant/petitioner herein for the past six months of concerted labor and labor services, that the release of funds be made immediatedly [*sic*] and that the appropriate check be made special for issuance within ten (10) days hereof. The check shall have as the payee, Anthony D. Cennamo, for P & A Enterprises, and mailed directly to the given address below."

After learning of the trial court's March 20, 1991 order, appellant filed a motion to vacate the order. The trial court conducted a hearing to consider appellant's motion, and on April 5, 1991, the trial court overruled appellant's motion to vacate the March 20, 1991 order.

■ In its first assignment of error, appellant asserts the trial court lacked subject matter jurisdiction. Appellant argues the only manner in which funds may be released from ODOT is through the director of that administrative

department and any action involving the director of ODOT must be brought in Franklin County, Ohio. See R.C. 121.02(D); 5501.02; and 5501.22.[1]

Appellee maintains the Gallia County Court of Common Pleas is "the court of competent jurisdiction being situated in the county wherein the property resides." Appellee contends the trial court's judgment was "not to the Director, [*i.e.*] the Court Order was to the Public Authority." See R.C. 1311.32.

After a review of the foregoing, we find the trial court did not have subject matter jurisdiction to enter the March 20, 1991 judgment. R.C. 5501.22 requires that actions against the Director of Transportation shall be brought in Franklin County, unless one of the exceptions delineated in the statute is applicable. See, generally, *Sarkies v. Ohio Dept. of Transp.* (1979), 58 Ohio St.2d 166, 12 O.O.3d 174, 389 N.E.2d 491. We note that the version of R.C. 1311.32 [2] in effect at the time of the proceeding below provides that the duty to pay lien claimants may be enforced by an action in mandamus and that actions against state officers *shall* be brought only in Franklin County.[3]

A judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus. Moreover, subject matter jurisdiction may not be conferred upon the court by agreement of the parties, may not be waived, and is the basis for mandatory *sua sponte* dismissal. *State ex rel. Lawrence Dev. Co. v. Weir* (1983), 11 Ohio App.3d 96, 11 OBR 148, 463 N.E.2d 398. If a court which has no subject matter jurisdiction enters judgment, the judgment is void; it is as though the proceedings never occurred. The judgment is a mere nullity and is subject to vacation through the inherent powers possessed by the courts of Ohio. *Patton, supra*.

---

1. R.C. 5501.02 provides:
   "All duties, powers, and functions conferred by law on the department of transportation and the divisions of the department shall be performed under such rules as the director of transportation may prescribe, and shall be under his control. * * *"
   R.C. 5501.22 provides:
   "The director of transportation shall not be suable, either as a sole defendant or jointly with other defendants, in any court outside Franklin county except in actions brought by a railroad company under section 4957.30 of the Revised Code, or by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated, or in any action otherwise specifically provided for in Chapter[s] 5501 * * * of the Revised Code."

2. We do not address the issue of whether funds provided by ODOT pursuant to R.C. 163.53 are subject to mechanic's liens.

3. We note the Ohio General Assembly amended R.C. 1311.32 effective April 10, 1991.

Accordingly, based upon the foregoing reasons, we reverse the trial court's March 20, 1991 judgment. The judgment is void *ab initio* and must be set aside. Further, inasmuch as the trial court lacked jurisdiction to enter the judgment, the remaining assignments of error are, pursuant to App.R. 12(A), overruled.

*Judgment reversed.*

STEPHENSON, P.J., GREY and PETER B. ABELE, JJ., concur.