This is a Mandamus action against the Ohio Department of Transportation to compel it to initiate eminent domain proceedings to purchase real property owned by relator, Albert Frinzl. He contends that increased traffic on Interstate 90, due to the opening of Interstate 490, has rendered his home at 3069 West 103rd Street in Cleveland uninhabitable and, as such, it constitutes an appropriation of property.
The respondent moved to dismiss for lack of subject matter jurisdiction claiming that under R.C. 5501.22 exclusive jurisdiction for suits against the director of transportation and the department itself rests in the court of Franklin County. In his response, relator submits that under Civ.R. 3(B)(5) the action is properly filed but, in the alternative, he requests the matter be transferred to the Tenth District Court of Appeals. For the following reasons the motion to dismiss is granted.
R.C. 5501.22 provides in pertinent part:
 "The director of transportation shall not be suable * * * in any court outside Franklin County except in actions brought * * * by a property owner to prevent the taking of property without due process of law, in which case suit may be brought in the county where such property is situated * * *."
The courts of Ohio have interpreted this statute to mean that the courts of Franklin County have exclusive subject matter jurisdiction to hear cases involving the director of transportation or the Department of Transportation. InState ex rel. Jaster v. Director of Highways (1936), 132 Ohio St. 93, 5 N.E.2d 174, the Supreme Court of Ohio held that General Code Section 1187, the predecessor of R.C. 5501.22, lodged exclusive jurisdiction in the courts of Franklin County over causes involving the Director of the State Highway Department and that courts of any other county are wholly without jurisdiction to hear such matters. Thus, the court issued a writ of prohibition preventing the common pleas court of Jefferson County from hearing cases involving the director.
In State ex rel. Braman v. Masheter (1966), 5 Ohio St.2d 197,214 N.E.2d 804, the supreme court considered a nearly identical case to the one sub judice. That relator, like Mr. Frinzl, believed his property was rendered less valuable due to adjacent highway construction and filed a mandamus action in Cuyahoga County against the director of highways. He too wished to compel the initiation of eminent domain proceedings to compensate him for land "taken" by highway construction. This court dismissed the director for lack of subject matter jurisdiction, and the supreme court affirmed. In the present case, Mr. Frinzl does not want to prevent his land from being taken without due process of law but complains that his land has been constructively taken; thus, the exception in the statute is not applicable. See, also, Sarkies v. State of Ohio,Department of Transportation (1979), 58 Ohio St.2d 166,389 N.E.2d 491; Wandling v. Ohio Department of Transportation
(1992), 78 Ohio App.3d 368, 604 N.E.2d 825; and State ex rel.Lawrence Development Co. v. Weir (1983), 11 Ohio App.3d 96,463 N.E.2d 398.
Mr. Frinzl relies upon Civ.R. 3(B)(5) which provides that proper venue lies in a county in which the property, or any part of the property, is situated if the subject of the action is real property. His reliance on the venue rule is misplaced, however, as subject matter jurisdiction of a court connotes the power to hear and decide a case upon its merits. Statutes or rules relating to venue are merely procedural and connote the locality where the suit should be heard. Because venue rules do not relate to jurisdiction, they do not empower a court to hear a case, if subject matter jurisdiction does not already reside in the court. Morrison v. Steiner (1972), 32 Ohio St.2d 86,290 N.E.2d 841; Fireproof Construction, Inc. v. Brenner-Bell, Inc.
(1949), 152 Ohio St. 347, 89 N.E.2d 472; and Mutzig v. Hope
(1945), 176 Ore. 368, 158 P.2d 110. Thus, although venue might be proper in Cuyahoga County, this court does not have subject matter jurisdiction over the case due to R.C. 5501.22.
Mr. Frinzl alternatively requests this court to transfer this case to the Tenth District Court of Appeals in Franklin County. This court's lack of subject matter jurisdiction deprives it of any authority to transfer venue. In Polakova v. Polak (1995),107 Ohio App.3d 745, 749, 669 N.E.2d 498, the court of appeals stated: "It is well established that any order by a court that lacks subject-matter jurisdiction is void." In State ex rel.Dannaher v. Crawford (1997), 78 Ohio St.3d 391, 678 N.E.2d 549, the supreme court indicated that a court needed requisite jurisdiction to transfer a case. Courts in other states have affirmed the general rule more clearly that venue presumes jurisdiction; only a court having both personal jurisdiction and subject matter jurisdiction may change the venue of a case.Spinell v. Doris L. Sassower, P.C. (1992), 589 NYS2d 230,155 Misc.2d 147; Mutzig; Bruneau v. Grant County, (1990), 58 Wapp 233, 792 P.2d 174; Jackson v. Jenson (1987), 225 Neb. 671,407 N.W.2d 758; State ex rel. Smith v. Chambers (1937),211 Ind. 640, 6 N.E.2d 950; and 92 Corpus Juris Secundum (1955), 873, Venue, Section 157: "A court cannot make a valid order for change of venue unless it has jurisdiction." Therefore, this court denies Mr. Frinzl's request for a change of venue.
Accordingly, this court grants the respondent's motion to dismiss and dismisses this mandamus action for lack of jurisdiction. Relator to pay costs.
ANN DYKE, PRESIDING JUDGE
JOHN T. PATTON, J., CONCUR.
 _______________________________ ANNE L. KILBANE JUDGE