OPINION
{¶ 1} Plaintiff-appellant, Edwin David Bailey, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, Ohio Department of Transportation ("ODOT"), and Jim Miller, ODOT'S labor relations officer (collectively, "defendants"). Because (1) the statute of limitations expired on plaintiff's claim, and (2) plaintiff may not invoke the savings statute a second time, we affirm. *Page 2 
 {¶ 2} Disposition of plaintiff's appeal hinges on the procedural history of his case, so we address it in some detail. According to the Eighth District Court of Appeals' opinion in Bailey v. Ohio Dept. ofTransp., 169 Ohio App.3d 538, 2006-Ohio-6023, plaintiff worked for ODOT as a highway worker from 1980 to 1999. He was disciplined on multiple occasions during the time period from 1995 to 1998 and ultimately was terminated from employment in July 1998.
 {¶ 3} Plaintiff filed a grievance for discrimination; the matter ultimately was scheduled for arbitration on September 23, 1999. Prior to the arbitration, the parties agreed to settle the grievance for $15,000, plus $2,000 to resolve plaintiff's false imprisonment charge against an ODOT investigator. According to the final agreement, plaintiff was to resign effective September 23, 1999 and would receive a lump sum payment of $17,000. In addition, ODOT agreed not to oppose his application for disability retirement benefits, and plaintiff began receiving such benefits effective August 1, 1998.
 {¶ 4} On December 20, 1999, plaintiff filed an unfair labor practice charge against ODOT and the arbitrator with the State Employment Relations Board ("SERB"); SERB dismissed the charge for want of prosecution. On December 23, 1999, plaintiff filed a complaint against defendants in the Cuyahoga County Court of Common Pleas under R.C.2711.10(A), contending the settlement agreement of September 23, 1999 must be vacated because plaintiff entered into it under duress and undue means.
 {¶ 5} On June 22, 2001, plaintiff dismissed his action in the Cuyahoga County Court of Common Pleas and re-filed it on July 10, 2001. ODOT responded with a motion to dismiss and a motion for summary judgment filed on August 27, 2001. The trial court *Page 3 
dismissed plaintiff's case, plaintiff appealed, and the court of appeals reversed the judgment and remanded the case to the trial court.
 {¶ 6} On remand, the trial court conducted a bench trial on December 20 and 21, 2004. In a decision issued in December 2005, the trial court vacated the agreement and ordered new arbitration. ODOT appealed. In its November 2006 entry, the court of appeals vacated the judgment of the trial court. The appellate court concluded the Cuyahoga County Court of Common Pleas lacked jurisdiction because R.C. 5501.22 requires plaintiff's action against defendants to be brought in Franklin County.
 {¶ 7} On May 29, 2007, plaintiff filed a complaint in the Franklin County Court of Common Pleas pursuant to R.C. 2711.10(A). For the same reasons asserted in the Cuyahoga County action, plaintiff sought to vacate the settlement agreement and conduct a new arbitration. Apparently aware the three-month statute of limitations set forth in R.C. 2711.13 expired, plaintiff alleged he was "re-filing a complaint pursuant to the `saving[s] statute'" set forth in R.C. 2305.19(A). ODOT responded with a motion to dismiss. ODOT asserted plaintiff's attempt to apply the savings statute failed because he used it once in Cuyahoga County when he re-filed his complaint in that court. Contending plaintiff could not invoke the savings statute a second time, ODOT argued the statute of limitations barred plaintiff's complaint.
 {¶ 8} After full briefing, the trial court issued a decision on August 27, 2007, granting ODOT's motion to dismiss and concluding the statute of limitations barred plaintiff's complaint. The court determined that because plaintiff employed the savings statute in re-filing his action in the Cuyahoga County Court of Common Pleas in 2001, he was barred from again invoking it to file his action yet a third time. While the court *Page 4 
journalized its judgment entry on September 18, 2007, plaintiff in the interim filed a motion for reconsideration that the trial court denied. Plaintiff timely appeals, assigning the following errors:
 1.Trial Court's decision is in conflict of statute; RC 2305.19. Saving on Reversal states, "the plaintiff. . . may commence a new action within one year after the date of the reversal of the judgment. . ."
 2. Trial Court's unilateral decision unfairly limits plaintiff-appellant's right to due process. This allows defendant-appellee to engage in defensive collateral estoppel. Both parties are entitled to justice under the law. Allowing Bailey to have this case heard does not deny defendant-appellee justice and does not frustrate Civil Rules. It only frustrates the defendants in their attempt to deny justice to Bailey.
 3. Decision should be based on merits; not jurisdictional technicalities. This same complaint was won by plaintiff-appellant in Cuyahoga County on its merits and reversed in the Eighth District Court of Appeals on a jurisdictional technicality, which was raised only after the decision had been rendered.
 4. Plaintiff-Appellant is receiving disparate treatment in the trial court's decision. Bailey is not similarly situated with any of the cases cited by the defendant-appellees. His case is an anomaly.
Because plaintiff's assignments of error are interrelated, we address them jointly. Reduced to their essence, they contend the trial court erred in concluding plaintiff could not utilize the savings statute to re-file his complaint in Franklin County after it was dismissed from the Cuyahoga County Court of Common Pleas pursuant to R.C. 5501.20 for lack of jurisdiction.
 {¶ 9} In 2001, R.C. 2305.19(A) stated that "[i]n an action commenced * * * if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon *Page 5 
the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date." When plaintiff dismissed his original complaint in Cuyahoga County on June 22, 2001, the three-month statute of limitations set forth in R.C. 2711.13 had expired on his R.C. 2711.10(A) claim to vacate the 1999 settlement resolving the arbitration between him and ODOT. By invoking the provisions of the savings statute, plaintiff was able to re-file his complaint on July 10, 2001, even though the statute of limitations for commencing such an action expired.
 {¶ 10} The Ohio Supreme Court explicitly held that the savings statute may be used only once to re-file a case. Thomas v. Freeman (1997),79 Ohio St.3d 221, 227, citing Hancock v. Kroger Co. (1995),103 Ohio App.3d 266. See, also, Estate of Carlson v. Tippett (1997),122 Ohio App.3d 489; Triplett v. Beachwood Village, Inc., 158 Ohio App.3d 465,2004-Ohio-4905; Gruber v. Kopf Builders, Inc. (2001),147 Ohio App.3d 305. Accordingly, plaintiff may not invoke the savings statute a second time in an effort to render timely his R.C. 2711.10 complaint filed in Franklin County.
 {¶ 11} Plaintiff, however, notes R.C. 2305.19(A) was amended. Effective March 2, 2004, the amended statute states that "[i]n any action that is commenced * * *, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." Resolution of plaintiff's assigned errors, then, resolves to whether the amendment to R.C. 2305.19(A) negates the case law that limits a party to using the savings statute only once. *Page 6 
The Sixth District in Dargart v. Ohio Dept. of Transp.,171 Ohio App.3d 439, 2006-Ohio-6179, addressed the precise issue.
 {¶ 12} In Dargart, the court observed that the legislature amended R.C. 2305.19(A) for the single purpose of remedying the legislature's belief that the former statute may have treated similarly situated plaintiffs differently. Dargart, at ¶ 20. The legislature's concern was "predicated upon the fact that a plaintiff who filed a Civ.R. 41(A)(1) dismissal of a claim without prejudice would have one year to refile, while a plaintiff who dismissed a claim before the statute ran would possibly have only one or two days to refile." Id., citing 4 Anderson, Ohio Civil Practice (2004), 148.13, citing Bill Analysis of Sub. H.B. No. 161, 125th General Assembly.
 {¶ 13} In determining whether the amended language affected the existing case law that allowed a party to rely on the savings statute only once, Dargart noted the policy considerations underlying those decisions. In particular, the court pointed out that the savings statute is not designed to keep actions alive indefinitely. Id. at ¶ 21, citingRomine v. Ohio State Hwy. Patrol (2000), 136 Ohio App.3d 650, 654. "To allow a plaintiff to use R.C. 2305.19 more than once would `frustrate the purpose of the civil rules which are intended to prevent indefinite filings.'" Dargart, supra, quoting Hancock, supra, at 269.
 {¶ 14} In light of the policy considerations, Dargart concluded "the legislature did not intend to obviate the foregoing precept by allowing endless filings of the same case so long as the filings were within one year of a dismissal otherwise than upon the merits." Id. at ¶ 22. We agree with the rationale of Dargart. Neither the amended language of the statute nor the bill analysis suggests the legislature intended to modify any aspect of the savings statute other than to address the possibility that the former statute treated *Page 7 
similarly situated plaintiffs differently in requiring that the statute of limitations expire before the savings statute could be utilized. Because plaintiff invoked the savings statute in order to re-file his complaint in Cuyahoga County, he cannot for the second time use the statute to render his Franklin County complaint timely. Accordingly, the trial court properly concluded the applicable statute of limitations bars plaintiff's complaint.
 {¶ 15} Lastly, to the extent plaintiff contends application of the savings statute violates his due process or equal protections rights, he waived those arguments when he failed to raise them in the trial court.State v. Awan (1986), 22 Ohio St.3d 120 (stating in the syllabus that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal"). Moreover, plaintiff's contention lacks merit. See Senz v. Mills (Feb. 21, 1996), Wayne App. No. 95-CA-0020 (concluding the savings statute violates neither due process nor equal protection constitutional rights); Day v. Grant Medical Assoc,Inc. (June 3, 1992), Montgomery App. No. 13127.
 {¶ 16} Similarly, although plaintiff's third assignment of error contends his complaint should be decided on the merits, not "technicalities," plaintiff's argument is more aptly applied to procedural rules. While a trial court may have some flexibility with procedural rules, it lacks that flexibility when a party raises the expiration of the applicable statute of limitations as a defense. SeeGiallombardo v. Terhune (Nov. 24, 1995), Lake App. No. 95-L-046.
 {¶ 17} Because the trial court properly concluded plaintiff could not invoke the savings statute a second time, the trial court properly dismissed plaintiff's re-filed *Page 8 
complaint as barred by the statute of limitations. Plaintiff's four assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 McGRATH, P.J., and TYACK, J., concur. *Page 1