[Cite as *Turner v. Ohio State Hwy. Patrol*, 2011-Ohio-3145.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DONNELLA TURNER

Plaintiff

v.

OHIO STATE HIGHWAY PATROL

Defendant
Case No. 2011-01135

Judge Joseph T. Clark

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} This case is sua sponte assigned to Judge Joseph T. Clark to conduct all proceedings necessary for decision in this matter.

{¶ 2} On March 7, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(C). Plaintiff has not filed a response. The motion is now before the court for a non-oral hearing.

{¶ 3} Civ.R. 56(C) states, in part, as follows:

{¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 5} Plaintiff alleges claims of assault and battery arising from her arrest on December 3, 2006, by Trooper J.S. Carpenter. According to plaintiff, she sustained injuries to her knee and shoulder as a result of being "slammed" onto the ground and the hood of Carpenter's patrol car.

{¶ 6} Defendant asserts that plaintiff's claim is barred by the applicable statute of limitations.

{¶ 7} R.C. 2743.16(A) states, in relevant part:

{¶ 8} "[c]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action *or within any shorter period that is applicable to similar suits between private parties.*" (Emphasis added.)

{¶ 9} R.C. 2305.111(B) provides, in relevant part:

{¶ 10} "[A]n action for assault or battery shall be brought within one year after the cause of the action accrues."

{¶ 11} R.C. 2305.19(A) states, in relevant part:

{¶ 12} "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

{¶ 13} Plaintiff's claims for assault or battery accrued on December 3, 2006, the date of her arrest. On December 3, 2007, plaintiff filed an action against Carpenter in federal court alleging assault and battery. (Defendant's Exhibit B.) On April 30, 2008, the United States District Court, Northern District of Ohio, Eastern Division, dismissed

plaintiff's case without prejudice for want of prosecution. (Id.) On April 30, 2009, plaintiff availed herself of the savings provision found in R.C. 2305.19(A) by filing a second federal action, which was dismissed without prejudice on January 5, 2010. (Id., Complaint ¶1.)

{¶ 14} The savings statute can be used only once to refile a case. *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 1997-Ohio-395; *Bailey v. Ohio Dept. of Transp.*, Franklin App. No. 07AP-849, 2008-Ohio-1513, ¶10. The statute of limitations for commencing plaintiff's action expired on December 3, 2007, one year after the cause of action accrued. Inasmuch as plaintiff availed herself of the savings statute when she filed her second action in federal court, she cannot invoke that statute a second time in an effort to render timely this action.

{¶ 15} Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
                              JOSEPH T. CLARK
                              Judge


cc:

Amy S. Brown                          W. Scott Ramsey
Assistant Attorney General            1370 Ontario Street, Suite 330
150 East Gay Street, 18th Floor       Cleveland, Ohio 44113
Columbus, Ohio 43215-3130

AMR/mdw
Filed May 31, 2011
To S.C. reporter June 22, 2011