[Cite as *Kochaniec v. Kochaniec*, 2011-Ohio-5552.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

KIMBERLY G. KOCHANIEC

     Plaintiff-Appellee     :     C.A. CASE NO. 2011-CA-19

vs.                   :     T.C. CASE NO. 09-DR-834

                     :     (Civil Appeal from

ROBERT J. KOCHANIEC       Common Pleas Court,

     Defendant-Appellant    :     Domestic Relations Division)

. . . . . . . . .

O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . .

Stacey R. Pavlatos, Atty. Reg. No. 0012392, 700 East High Street, Springfield, OH 45505

     Attorney for Plaintiff-Appellee

Anthony E. Kohler, Atty Reg. No. 0032826, 210 North Fountain Avenue, Springfield, OH 45504

     Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Robert Kochaniec, appeals from a final order of the domestic relations division of the court of common pleas overruling his objections to a magistrate's decision and granting an annulment to Plaintiff, Kimberly Kochaniec.

{¶ 2} Robert[1] and Kimberly were married in Marion, Virginia in September of 1989. Two children were born during Kimberly and Robert's marriage, A., who was born in May of 1991, and B., who was born in September of 1998.

{¶ 3} At the time he married Kimberly, Robert was married to his first wife, Karen L. Kochaniec. Robert and Karen subsequently were divorced in April of 1992.

{¶ 4} On August 31, 2009, Kimberly commenced an action against Robert, seeking an annulment of her marriage to Robert or, in the alternative, a divorce from Robert. She based her request on the fact that Robert was married to another woman at the time that he married Kimberly.

{¶ 5} Kimberly filed a motion for summary judgment on her claim to have her marriage to Robert annulled pursuant to R.C. 3105.31(B). On December 23, 2009, the magistrate granted Kimberly's request for an annulment. (Dkt. 27.) Robert filed objections to the magistrate's decision. (Dkt. 31.) The trial court overruled these objections on March 17, 2010. (Dkt. 37A.)

{¶ 6} Robert filed a motion to modify temporary orders on March 30, 2010, seeking an award of temporary spousal support and an interim award of attorney fees. (Dkt. 38.) The magistrate

---

[1] For clarity and convenience, the parties are identified by their first names.

overruled the motion and Robert filed objections to the magistrate's decision, which the trial court overruled. (Dkt. 39, 42, 50.)

{¶ 7} On September 29, 2010, following a hearing, the magistrate issued a decision regarding custody, child support, and property division. (Dkt. 59.) Robert filed objections and supplemental objections to the magistrate's decision, which the trial court overruled. (Dkt. 60, 66, 68, 69.) Robert filed a timely notice of appeal.

### SECOND ASSIGNMENT OF ERROR

{¶ 8} "THE TRIAL COURT ERRED IN CHOOSING AN ANNULMENT INSTEAD OF A DIVORCE."

{¶ 9} R.C. 3105.01 sets forth the causes for divorce and provides, in part:

{¶ 10} "The court of common pleas may grant divorces for the following causes:

{¶ 11} "(A) Either party had a husband or wife living at the time of the marriage from which the divorce is sought[.]"

{¶ 12} Prior to 1963, divorce proceedings pursuant to the predecessor statute[2] to R.C. 3105.01 provided the exclusive remedy in cases involving bigamous marriages. *Eggleston v. Eggleston* (1952), 156 Ohio St. 422, syllabus. In 1963, however, the Ohio

Legislature enacted R.C. 3105.31, which sets forth the causes for annulment and provides, in part:

{¶ 13} "A marriage may be annulled for any of the following causes existing at the time of the marriage:

{¶ 14} "* * *

{¶ 15} "(B) That the former husband or wife of either party was living and the marriage with such former husband or wife <u>was</u> <u>then and still is in force</u>[.]" (Emphasis supplied.)

{¶ 16} Both the divorce statute, R.C. 3105.01(A), and the annulment statute, R.C. 3105.31(B), provide for relief from bigamous marriages. However, the two statutes do not impose identical requirements. The divorce statute only requires that either party had a husband or wife living at the time of the marriage from which the divorce is sought. The annulment statute requires both that the first marriage was in force at the time of the second marriage and "still is in force[.]" R.C. 3105.31(B). Consequently, in order to grant an annulment pursuant to R.C. 3105.31(B), the trial court was required to find that Robert's first marriage with Karen was "still in force" at the time that the court ordered his second marriage with Kimberly annulled. *Haska v. Haska* (Feb. 10, 1989), Portage App. No. 1915 (affirming the trial court's judgment annulling the parties' marriage because

---

[2] G.C. 11979 (predecessor section to R.C. 3105.01.)

the wife's former husband was alive at the time of her second marriage and she never obtained a valid divorce decree from her first marriage).

{¶ 17} It is undisputed that Robert's marriage with Karen terminated when he was granted a divorce in April of 1992. The trial court did not grant Kimberly an annulment of her marriage with Robert until 2010. Therefore, at the time the trial court granted an annulment of the marriage between Kimberly and Robert, the marriage between Karen and Robert was <u>not</u> still in force. Therefore, the trial court could not grant an annulment pursuant to the plain language of R.C. 3105.31(B). The trial court was required to proceed instead pursuant to R.C. 3105.01(A), the divorce section, which does not impose a similar limitation regarding the continued existence of Robert's first marriage.

{¶ 18} Kimberly argues that Robert waived any error in proceeding under R.C. 3105.31, the annulment section, because he failed to object to that error in the proceedings before the trial court. Courts derive their jurisdiction from constitutional provisions, or from laws enacted by the legislature acting within the constitutional authority conferred by Section 4(B), Article IV, and can only exercise the jurisdiction so granted them. *Humphrys v. Putnam* (1961), 172 Ohio St. 456. R.C. 3105.31(B) confers jurisdiction of the domestic relations division of the

court of common pleas to grant annulments, but limits that power to instances where the prior marriage "still is in force." On this record, the domestic relations division of the court of common pleas lacked jurisdiction to grant the annulment Kimberly requested. Parties to an action cannot, by waiver or otherwise, confer subject-matter jurisdiction on a court which the court lacks. *State ex rel. Lawrence Development Co. V. Weir* (1983), 11 Ohio App.3d 96.

{¶ 19} The second assignment of error is sustained.

### FIRST ASSIGNMENT OF ERROR

{¶ 20} "THE TRIAL COURT DECISION DECLARING AN ANNULMENT OF THE MARRIAGE WAS ERRONEOUS."

### THIRD ASSIGNMENT OF ERROR

{¶ 21} "THE TRIAL COURT'S RULING ON PARENTING OF THE MINOR CHILD IS INCORRECT AND PREJUDICIAL TO THE FATHER."

### FOURTH ASSIGNMENT OF ERROR

{¶ 22} "THE TRIAL COURT DID NOT HAVE ANY REASONABLE BASIS IN LAW OR EQUITY TO ASSIGN A CHILD SUPPORT OBLIGATION TO THE FATHER."

### FIFTH ASSIGNMENT OF ERROR

{¶ 23} "THE TRIAL COURT'S DIVISION OF PROPERTY IS GROSSLY PREJUDICIAL TO THE APPELLANT.

### SIXTH ASSIGNMENT OF ERROR

{¶ 24} "EVIDENCE DOES NOT SUPPORT THE TRIAL COURT'S AWARD OF

REAL ESTATE SOLELY TO APPELLEE."

**SEVENTH ASSIGNMENT OF ERROR**

{¶ 25} "THE TRIAL COURT INCORRECTLY DIVIDED THE RETIREMENT BENEFITS. "

**EIGHTH ASSIGNMENT OF ERROR**

{¶ 26} "THE TRIAL COURT FAILED TO FOLLOW STATUTORY GUIDELINES OF OHIO LAW IN REFUSING TO AWARD ATTORNEY FEES TO APPELLANT."

**NINTH ASSIGNMENT OF ERROR**

{¶ 27} "THE TRIAL COURT SHOULD HAVE AWARDED BOTH TEMPORARY SPOUSAL SUPPORT AND PERMANENT SPOUSAL SUPPORT TO THE APPELLANT."

{¶ 28} The various errors assigned are the product of the court's order of annulment. Our decision sustaining the second assignment of error requires a reversal of the order of annulment, which in turn renders moot the remaining assignments of error. Per App.R. 12(A)(1)(c), we are not required to decide assignments of error made moot by our decision on another assignment of error.

{¶ 29} Having sustained Robert's second assignment of error, we will reverse the final judgment from which the appeal was taken and remand the case for further proceedings on Kimberly's complaint for divorce.


DONOVAN, J. and HALL, J. concur.

Copies mailed to:

Stacey R. Pavlatos, Esq.
Anthony E. Kohler, Esq.
Hon. Thomas J. Capper