[Cite as *Zacharias v. Medicore Transport Inc.*, 2017-Ohio-8171.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105413**

---

# KATHLEEN ZACHARIAS

PLAINTIFF-APPELLANT

vs.

# MEDICORE TRANSPORT INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
VACATED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-852605

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 12, 2017

**ATTORNEYS FOR APPELLANT**

Daniel J. Ryan
Timothy Ryan
Ryan L.L.P., Inc.
1370 Ontario St., Ste. 2000
Cleveland, OH 44113


**ATTORNEY FOR APPELLEES**

Jonathan W. Philipp
Law Office of Jonathan W. Philipp
Six PPG Place, Ste. 870
Pittsburgh, PA 15222

TIM McCORMACK, J.:

**{¶1}**   Plaintiff-appellant Kathleen Zacharias ("Zacharias") appeals from the trial court's granting of defendants-appellees, Chuck Orlando and Medicore Transport Inc.'s ("defendants") motion to enforce settlement agreement and denial of her motion for reconsideration.   Because the trial court lacked jurisdiction to decide defendants' motion to enforce settlement agreement, we vacate the judgment granting that motion.

## Procedural and Substantive History

**{¶2}**   On October 14, 2015, Zacharias filed a complaint against defendants in the Cuyahoga County Court of Common Pleas.   The complaint alleged that on December 9, 2011, Chuck Orlando, in the course of his employment with Medicore Transport Inc., negligently drove his car and struck Zacharias, causing her injuries.

**{¶3}**   On January 4, 2016, the case was referred to mediation.   On June 14, 2016, the parties attended mediation with a Cuyahoga County court mediator.   After attorneys for both parties signed a "Stipulation for Dismissal" that reflected that "the above-captioned matter is settled and dismissed with prejudice.   Defendant to pay court costs," the court journalized an order declaring the case "settled and dismissed with prejudice" on June 15, 2016.

**{¶4}**   On September 9, 2016, defendants filed a motion to enforce settlement. On September 19, 2016, Zacharias, acting pro se, filed an answer to defendants' motion to enforce settlement, motion to deny defendants' motion to enforce settlement, and plaintiff's motion to set aside settlement.

**{¶5}** On October 24, 2016, Zacharias filed a pro se "Motion to Withdraw Mitchell A. Weisman, Esq., as Plaintiff's Attorney of Record." The trial court held this motion in abeyance pending the hearing on defendants' motion to enforce settlement.

**{¶6}** On December 7, 2016, the trial court held a hearing on defendants' motion to enforce settlement. Zacharias failed to appear at this hearing, although her counsel was present. On December 13, 2016, the court granted defendants' motion to enforce settlement, denied Zacharias's motion to set aside settlement, and found Zacharias's motion to withdraw her counsel as moot.

**{¶7}** On January 10, 2017, Zacharias filed a motion for reconsideration or to vacate judgment. On January 21, 2017, the trial court denied this motion.

**{¶8}** On February 1, 2017, Zacharias filed a notice that she was appealing the trial court's June 2016 dismissal, the December 2016 grant of defendants' motion to enforce settlement, and January 2017 denial of her motion for reconsideration. Only Zacharias's appeal of the trial court's denial of her motion for reconsideration was timely.

**Jurisdiction**

{¶9}   It is well settled that a judgment rendered by a court that lacks jurisdiction is void ab initio.  *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). Further, subject matter jurisdiction may not be conferred upon a court by agreement of the parties, nor may lack of subject matter jurisdiction be waived.  *State ex rel. Lawrence Dev. Co. v. Weir*, 11 Ohio App.3d 96, 97, 463 N.E.2d 398 (10th Dist.1983).   Lack of subject matter jurisdiction may also be the basis for mandatory sua sponte dismissal by the courts.  *Id*.

{¶10} "A trial court has jurisdiction to enforce a settlement agreement after a case has been dismissed only if the dismissal entry incorporated the terms of the agreement or expressly stated that the court retained jurisdiction to enforce the agreement."  *Infinite Sec. Solutions, L.L.C. v. Karam Properties II*, 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 22.

{¶11} The dismissal entry at issue in the instant case does not incorporate the terms of the settlement agreement nor does it expressly retain jurisdiction to enforce the agreement.   The June 15, 2016 journal entry dismissing Zacharias's claims states as follows: "Case called for mediation.   All parties appeared.   The case is settled and dismissed with prejudice.   Defendants to pay court costs.   The court may enter an order accordingly pursuant to Civ.R. 58(B). The clerk of courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(B)."

**{¶12}** Therefore, we find that the court lacked jurisdiction over the settlement agreement in the instant case.   Accordingly, we vacate the judgment of the trial court for lack of jurisdiction, which renders both of Zacharias's assigned errors moot.

**{¶13}** This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR